1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   AMANDA BARNES,                      No. 2:22-cv-00311 WBS CKD

13              Plaintiff,

14        v.                             MEMORANDUM AND ORDER RE:
                                         DEFENDANT HILLANDALE
15   AKM FOODS INC. dba FLAMES           ENTERPRISES, LLC'S MOTION TO
     RESTAURANT & TAPHOUSE;              DISMISS
16   HILLANDALE ENTERPRISES, LLC,

17              Defendants.

18

19                              ----oo0oo----

20           Plaintiff Amanda Barnes ("plaintiff") brought this

21   action against AKM Foods Inc. dba Flames Restaurant & Taphouse

22   ("Flames") and Hillandale Enterprises, LLC ("Hillandale")

23   alleging (1) violations of the Americans with Disabilities Act

24   ("ADA"), 42 U.S.C. § 12101; (2) violations of the Unruh Civil

25   Rights Act ("Unruh Act"), California Civil Code §§ 51-53; and (3)

26   denial of full and equal access to public facilities, California

27   Health & Safety Code § 19955.  (Compl. (Docket No. 1).)

28   Defendant Hillandale now moves to dismiss plaintiff's complaint

                                     1

1  pursuant to Federal Rule of Civil Procedure 12(b)(1) to the

2  extent it alleges barriers in the exterior area of the business

3  complex, or in the alternative order plaintiff to show cause why

4  she has standing.  (Docket No. 17.)[1]

5  I.   Factual and Procedural Background

6          Plaintiff is substantially limited in her ability to

7  walk and must use a wheelchair for mobility.  (Compl. ¶ 8.)

8  Plaintiff also uses a trained service dog.  (Id.)  Hillandale

9  owns and operates the real property, a business complex, within

10 which Flames is located.  (Id. ¶ 7.)  Flames, and the surrounding

11 business complex, is a public accommodation.  (Id. ¶ 9.)

12 Plaintiff lives within approximately 15 miles of Flames.  (Id. ¶

13 10.)  On or about December 11, 2021, plaintiff visited Flames and

14 alleges she encountered the following barriers.  (Id.)

15         First, the complaint alleges that plaintiff parked in a

16 designated accessible parking space in the complex's parking lot,

17 but the route of travel from the parking space to the accessible

18 Flames entrance was "a very long distance and contained excessive

19 slopes, making it difficult and strenuous [for plaintiff] to

20 maneuver her wheelchair."  (Id. ¶ 10(a).)

21         Second, the complaint alleges that upon entering Flames

22 with her service dog, plaintiff was told "by a man that appeared

23 to be the owner or manager" that she could not bring her service

24 dog inside Flames.  (Id. ¶ 10(b).)  The complaint alleges that

25 _____

26      [1]   Defendant Hillandale and plaintiff request that the
   court take judicial notice of numerous photographs.  (Docket Nos.
27 18, 23.)  The court does not rely on these documents, and
   therefore, the request is denied as moot.

28

                                2

1   despite providing her service dog's identification card, the man

2   refused to allow plaintiff and her service dog to be inside the

3   restaurant.  (Id.)  Plaintiff decided to leave Flames but the man

4   would not return her service dog's identification card until

5   approximately 15 minutes later.  (Id.) [2]

6        The complaint alleges that plaintiff was and continues

7   to be deterred from visiting Flames, but plans to return to

8   Flames once the barriers are removed.  (Id. ¶ 12.)

9   II.  Discussion

10       Standing pertains to the court's subject matter

11   jurisdiction under Article III and may be challenged in a motion

12   to dismiss under Rule 12(b)(1) at any time, which defendant

13   Hillandale has done here.  White v. Lee, 227 F.3d 1214, 1242 (9th

14   Cir. 2000); Fed. R. Civ. P. 12(h)(3).

15       Article III standing requires that a plaintiff "have

16   (1) suffered an injury in fact, (2) that is fairly traceable to

17   the challenged conduct of the defendant, and (3) that is likely

18   to be redressed by a favorable judicial decision."  Spokeo, Inc.

19   v. Robins, 136 S. Ct. 1540, 1547 (2016).  "The plaintiff, as the

20   party invoking federal jurisdiction, bears the burden of

21   establishing these elements."  Id.  When the "case is at the

22   pleading stage, the plaintiff must clearly allege facts

23   demonstrating each element."  Id. (quotation marks and

24

25       [2]   Flames is defending and indemnifying Hillandale
     regarding the allegation about the service dog and any further
26   allegations that arise about the interior of Flames in this
     action.  (Joint Status Report at 2 (Docket No. 13).)  The only
27   allegations against Hillandale at issue in this motion relate to
     the ADA compliant accessible parking and route of travel.
28   (Compl. ¶ 10(a).)

                                   3

1   alterations omitted).

2           Although the court has the discretion to review

3   evidence beyond the complaint when deciding a 12(b)(1) motion to

4   dismiss for lack of standing, the court will not exercise its

5   discretion to do so in these circumstances.  See Safe Air for

6   Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In

7   resolving a factual attack on jurisdiction, the district court

8   may review evidence beyond the complaint without converting the

9   motion to dismiss into a motion for summary judgment.") (emphasis

10  added).  The parties' arguments, based upon their experts'

11  opinions, about whether Hillandale can provide a closer

12  accessible parking space to Flames and remove the excessive

13  slopes is a factual question going to the merits of plaintiff's

14  claim, which is best decided at a later stage once discovery

15  commences, not at the time of a motion to dismiss for lack of

16  standing.

17          Hillandale argues the complaint fails to allege facts

18  in support of an injury because despite the accessible parking

19  space being far from the Flames entrance and containing excessive

20  slopes, plaintiff was still able to get to Flames and was denied

21  entry for a different reason.  (Def.'s Mem. ISO Mot. to Dismiss

22  ("Def.'s Mot.") at 11-12 (Docket No. 17-1).)

23          "Under the ADA, when a disabled person encounters an

24  accessibility barrier violating its provisions, it is not

25  necessary for standing purposes that the barrier completely

26  preclude the plaintiff from entering or using the facility in any

27  way."  Chapman v. Pier 1 Imps. (U.S.) Inc., 631 F.3d 939, 947

28  (9th Cir. 2011).  "Rather, the barrier need only interfere with

the plaintiff's 'full and equal enjoyment' of the facility," and the ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" Id. (citing 42 U.S.C. § 12182(a)).

To suffer an injury in fact for purposes of Article III standing, plaintiff need only "encounter[] or become aware of alleged ADA violations that deter [her] patronage of or otherwise interfere with [her] access to a place of public accommodation." Id. (quoting Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 n.5 (9th Cir. 2008). Plaintiff's suit must be "limited to barriers related to [her] particular disability." Id.

Plaintiff alleges she encountered the following ADA barrier at the Hillandale business complex: the "route of travel from [p]laintiff's parking stall to the [Flames] entrance was a very long distance and contained excessive slopes, making it difficult and strenuous to maneuver her wheelchair." (Compl. ¶ 10(a).) An ADA barrier exists when there is a violation of the ADAAG, and the ADAAG provides, in relevant part, rules pertaining to the permitted length of the accessible route from a parking space to an entrance and the slopes within that route. See Chapman, 631 F.3d at 947; 36 C.F.R., pt. 1191, App. B § 208.3.1; 36 C.F.R., pt. 1191, App. D § 403.3.

Plaintiff need not "identify what was difficult, how [the route of travel] was strenuous, and whether she had a manual and/or electric wheelchair." (See Def.'s Mot. at 2.) Regardless of whether plaintiff overcame the excessive slopes and distance, plaintiff sufficiently pleads an injury which relates to her disability because the barrier need not "completely

1    preclude plaintiff from entering" Flames.  See Chapman, 631 F.3d

2    at 947.  It need only be noncompliant with the ADAAG, and the

3    complaint alleges that the route of travel from the parking space

4    to Flames is noncompliant.  See id.; (Compl. ¶ 10(a).)

5         Hillandale cites to Johnson v. Reimal Family Limited

6    Partnership, No. 20-cv-01192, 2021 WL 428631 (N.D. Cal. Feb. 8,

7    2021), in support of its motion.  However, Johnson is

8    distinguishable because that court determined the alleged

9    barriers had been removed and therefore that plaintiff's ADA

10   claim was moot.  See Johnson, 2021 WL 428631, at *3-5.  Here,

11   Hillandale presents no evidence that the alleged barriers have

12   been removed.  To the contrary, Hillandale agrees that excessive

13   slopes exist in the 201 feet long route of travel from the

14   accessible parking space to Flames.

15        The complaint sufficiently alleges facts to support the

16   "injury in fact" requirement for standing because plaintiff

17   encountered accessibility barriers at the business complex owned

18   by Hillandale.  (Compl. ¶ 10(a).)  Therefore, plaintiff has

19   standing to bring her ADA claim.[3]

20   _____

21        [3]   Plaintiff also has standing to bring her Unruh Act and
     Health and Safety Code claims because she sufficiently alleges
22   that she encountered accessibility barriers at the business
     complex in violation of the ADA.  Cal. Civ. Code § 51(f) ("A
23   violation of the right of any individual under the federal
     Americans with Disabilities Act of 1990 shall also constitute a
24   violation of [the Unruh Act].");  Wilson v. Wal-Mart Stores,
     Inc., No. 05CV1216, 2005 WL 3477841, at *4 (S.D. Cal. Oct. 5,
25   2005) ("The ADA, . . ., Unruh Act and California Health and
     Safety Code all address essentially the same rights of being free
26   from discrimination based on physical disability and having full
     access to accommodations generally available to the public . . .
27   . Therefore the requirements of standing are satisfied as to all
     of Plaintiff's claims.").
28

            IT IS THEREFORE ORDERED that defendant Hillandale's
motion to dismiss (Docket No. 17) be, and the same hereby is,
DENIED.

Dated:  August 9, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7